Julio Cesar **HERNANDEZ**, Petitioner,

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto Gonzales, Attorney General**, Respondents.

No. 06–1898.

United States Court of Appeals, Second Circuit.

Dec. 4, 2006.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Eric C. Peterson, United States Attorney for the Western District of Wisconsin, Richard D. Humphrey, Assistant United States Attorney, Madison, WI, for Respondents.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Julio Cesar Hernandez, a native and citizen of Guatemala, seeks review of a March 23, 2006 order of the BIA affirming the January 11, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo, denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Julio Cesar Hernandez*, No. A 73 612 264 (BIA March 23, 2006), *aff'g* No. A 73 612 264 (Immig. Ct. N.Y. City January 11, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review de novo the BIA's legal conclusion that the evidence presented by the petitioner was insufficient to satisfy his burden of proof. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 146 n. 2 (2d Cir. 2003).

█ The BIA properly affirmed the IJ's decision on the alternate ground that even assuming Hernandez credible, he failed to establish the required nexus to a statutorily protected ground. As the BIA found, Hernandez's fear of crime and instability in Guatemala does not qualify him for asy-

lum and withholding of removal. Hernandez made it clear in his asylum application and testimony that the subversives he feared were motivated by the information that Hernandez knew about them, not their understanding of Hernandez's political beliefs. In his testimony, Hernandez explained that he witnessed the abduction of a student and heard the two kidnappers discussing that they had to find Hernandez because it was dangerous that he had seen them because he could recognize and report them later. An "applicant must also show, through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir.2005) (citing *INS v. Elias–Zacarias*, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). Although this Court held in *Chun Gao v. Gonzales*, 424 F.3d 122, 129 (2d Cir.2005) that "an imputed political opinion, whether correctly or incorrectly attributed, can constitute a ground of political persecution within the meaning of the Immigration and Nationality Act," at no point in his testimony or in his brief to this Court does Hernandez explain what political beliefs the subversives had imputed to him. The BIA was correct in its determination that being a witness to a crime and fearing retribution is not a statutorily protected ground.

█ Hernandez also argues in his brief to this Court that he feared being the next student to be abducted and killed, since he was a member of a particular social group, university students, against whom there was a pattern or practice of persecution in Guatemala. As an initial matter, it should be noted that Hernandez never testified that he was a student at the University of San Carlos, but rather claimed that he was taking an entrance exam at the University. Even if Hernandez could show that the "university student" social group was im-

puted to him, *see Rizal v. Gonzales,* 442 F.3d 84, 90 n. 7 (2d Cir.2006), there was no nexus between Hernandez's status as a student and the persecutors' intent. Although Hernandez testified that students were sometimes kidnapped by civilians as a result of protesting and that he was involuntarily involved in some of those protests, Hernandez has not shown that the subversives were motivated to harm him because of his status as a "university student." Rather, Hernandez has only shown that he was targeted because of the information Hernandez knew about these kidnappers. Since Hernandez's argument for well-founded fear is based entirely on the same threats, it must fail as well.

Hernandez, citing *Ucelo–Gomez v. Gonzales,* 448 F.3d 180 (2d Cir.2006) (amended at *Ucelo–Gomez v. Gonzales,* 464 F.3d 163, 168 (2d Cir.2006)), claims that the IJ and BIA failed to provide any analysis either explaining why he did not fall within membership in a particular social group or why the harm he feared was not on account of such membership, nor on account of either his political opinion or imputed political opinion. Hernandez's reliance on *Ucelo–Gomez* is misplaced. Although the BIA's analysis was brief, it was comprehensive enough to explain that Hernandez's claims of past persecution and well-founded fear were not based on any grounds enumerated in the INA, regardless of whether Hernandez fit into a particular social group or not, as he was targeted for witnessing a crime and for no other reasons.

We also reject Hernandez' claim that the BIA engaged in improper factfinding. The BIA simply applied the statutory language to the facts recounted by Hernandez, and found that Hernandez's fear of criminal retribution cannot be considered a nexus to a statutorily protected ground.

With regard to withholding of removal, because Hernandez was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Gomez v. INS,* 947 F.2d 660, 665 (2d Cir. 1991). Hernandez has not meaningfully challenged the IJ's denial of his CAT claim in his brief to this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang,* 426 F.3d at 542 n. 1, 546 n. 7.

For the foregoing reasons, the petition for review is DENIED.